# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 116-8-14 Vtec |

Hinsdale Trust Boundary Adjustment (After Remand)

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss Stephen P. Colvin (Motion 2)
Filer:       Clark W. Hinsdale, III, Trustee
Attorney:    James H. Ouimette
Filed Date:  December 11, 2014

Response in opposition filed on 12/29/2014 by William F. Ellis, Ltd. Appearance Atty. for Stephen Colvin
Reply filed on 01/09/2015 by Attorney Ouimette for Applicant Clark W. Hinsdale, III, Trustee

**The motion is DENIED.**

This appeal concerns a proposed boundary line adjustment to jointly owned parcels of land in the Town of Charlotte, Vermont ("Town"), the legal titles of which are held by Clark W. Hinsdale, III, as Trustee of the Clark Hinsdale, Jr. Testamentary Trust ("Applicant"). When the Town of Charlotte Planning Commission ("Planning Commission") denied Applicant's application to effectuate the boundary line adjustment, Applicant appealed to this Court.

This Entry Order addresses a motion filed by Applicant that seeks to have a party who has appeared in this proceeding—neighbor Stephen Colvin—dismissed as a party because, Applicant alleges, Mr. Colvin has not fulfilled the statutory requirements for standing to participate in this appeal. Many of the factual allegations material to Applicant's motion are recited in our separate Entry Order, also issued today, concerning Mr. Colvin's motion to reconsider a Stipulation and Order that was signed and filed by the Court on November 19, 2014. We therefore refer the reader to that Entry Order and incorporate those factual recitations by reference.

The parties each correctly recite the statutory origin for the applicable party status standards: 24 V.S.A. § 4465(b)(3). In making his challenge to Mr. Colvin's status as an interested person, Applicant focuses on Mr. Colvin's ability in this appealed boundary adjustment application to "demonstrate a physical or environmental impact on the person's interest under the criteria reviewed . . . ." Id. Specifically, Applicant asserts that Mr. Colvin's concerns are not germane to the pending application, but rather to developments on Applicant's property that have already received final approval.

The pending application is subject to review under the Town of Charlotte Land Use Regulation's subdivision review standards.  These standards include, among other criteria, consideration of whether an application will result in undue adverse impacts to the character of the surrounding area or Areas of High Public Value, irregularly shaped lots, or maintenance or extension of traditional or planned settlement patterns.

We concur that it would not be appropriate at trial for Mr. Colvin to present evidence on the impacts to him or his property that may have been caused by the already approved and completed solar development on Applicant's Lot 1[1] or that may be caused in the future by development or use of either Lot.  But Mr. Colvin also suggests that he "will be physically and environmentally impacted by the proposed boundary adjustment, which will result in the fragmenting of uninterrupted farmland in active agricultural use, and result in the fragmentation rather than maintenance of contiguous tracts of open land."  (Mr. Colvin's Mem. in Opp'n to Applicant's Mot. to Dismiss at 6, filed Dec. 29, 2014).  These alleged impacts are clearly under the criteria reviewed.

We note that motions to dismiss carry a heightened standard of review, including that all of the non-moving party's factual representations are to be regarded as true and uncontroverted.  See In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.).  For this reason, we conclude that Mr. Colvin has presented sufficient factual allegations that suggest that the boundary adjustment proposed in the pending application may have an impact upon him or his property that satisfies the standards of 24 V.S.A. § 4465(b)(3).  We therefore **DENY** Applicant's motion to dismiss.

**So ordered.**

Electronically signed on February 04, 2015 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
James H. Ouimette (ERN 4732), Attorney for Appellant Clark Hinsdale Jr. Testamentary Trust
Joseph S. McLean (ERN 2100), Attorney for Interested Person Town of Charlotte
William F. Ellis, Attorney on Limited Appearance for Interested Person Stephen Colvin
Stephen Colvin, self-represented litigant (FYI purposes only)

---

[1] The pending application speaks to a proposed boundary line adjustment.  While that term implies that there was a prior subdivision that Applicant now seeks to adjust, the record before us does not clarify this uncertainty.  To the extent that a prior subdivision application was approved and not appealed, that approval has become final and may not be challenged in this appeal.  24 V.S.A. §4472(d).  Thus, if a prior approval exists, it would appear that the only impacts material to the pending application would be those that arise from the proposed boundary line adjustment.  We look forward to having these procedural facts clarified at trial.